NEW ENGLAND CHRISTIAN ACTION COUNCIL, INC. *vs.*
SECRETARY OF THE COMMONWEALTH & another.[1]

Suffolk. October 3, 1988. — January 4, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Standing. *Attorney General. Elections*, Ballot. *Initiative.
Administrative Law*, Judicial review.

Where the Attorney General, acting pursuant to G. L. c. 53, § 19, determined
   that a certain nonbinding question, proposed for inclusion on the official
   ballot in various State representative districts, was not "one of public
   policy" and thus was inappropriate for inclusion on the ballot, this
   determination was not subject to judicial review in the absence of any
   demonstration that the Attorney General had not acted in good faith.
   [673-674]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on September 15, 1988.

The case was reported by *O'Connor*, J.

The case was submitted on briefs.

*Philip D. Moran* for the plaintiff.

*James M. Shannon*, Attorney General, *Carl Valvo, Judith
Fabricant & Eric Mogilnicki*, Assistant Attorneys General, for
the Secretary of the Commonwealth & another.

*John H. Henn & Nancy R. Gottlieb*, for Planned Parenthood
League of Massachusetts, Inc., amicus curiae.

O'CONNOR, J. New England Christian Action Council, Inc.
(NECAC), commenced this action in the Supreme Judicial
Court for Suffolk County on September 15, 1988, seeking a
declaration that a question it had proposed for inclusion on the
November, 1988, ballot in 105 representative districts of the
Commonwealth, was "one of public policy" within the meaning
of G. L. c. 53, § 19 (1986 ed.), and that therefore its rejection

---

[1] The Attorney General of the Commonwealth.

by the Attorney General was unlawful. The single justice reserved and reported the case to the full court, and on October 3, 1988, the court entered the following order: "Complaint dismissed. Opinion or opinions to follow." This is the promised opinion.

On August 3, 1988, NECAC filed 25,835 signatures of registered voters with the Secretary of the Commonwealth in order to place the following question on the November ballot:

"IN <u>BIOLOGICAL TERMS</u>, WHEN DOES AN INDIVIDUAL HUMAN LIFE BEGIN?

"To vote on this question, mark a cross X in the square at the right of the answer you prefer. Only vote for one.

"A.  Conception      [_____]
"B.  Viability         [_____]
"C.  Birth             [_____]
"D.  Write In          [_____]

                    Specify a Different
                    Biological Term

                    _____ "

On August 14, 1988, the Secretary transmitted the question to the Attorney General for his determination whether the question was one of public policy under G. L. c. 53, § 19, and, if so, what form the question should take. On September 2, the Attorney General disapproved the question.

It is doubtful that NECAC, being a corporation, has standing to bring an action under G. L. c. 53, § 19. A corporation, not being qualified to vote, does not have standing to seek a judgment ordering the Attorney General or Secretary of the Commonwealth to take action with respect to an art. 48 initiative petition. *Slama* v. *Attorney Gen.*, 384 Mass. 620, 623 (1981). *Massachusetts Pub. Interest Research Group* v. *Secretary of the Commonwealth*, 375 Mass. 85, 90-91 (1978). Of course, there is a substantial difference between the constitutional right of initiative petition, which may result in new laws or con-

stitutional amendments, see art. 48, The Initiative, I, and IV, § 5; and the statutory right to placement on the ballot of non-binding "questions of instructions" to senators and representatives relative to public policy under G. L. c. 53, § 19. We focus on that distinction below. However, the difference between an initiative petition and an instruction suggests no reason why the court should recognize a corporation's standing to challenge the Attorney General's actions in reference to an instruction to senators and representatives when it does not recognize a corporation's standing in reference to an initiative petition. The rules of standing apply to statutory, as well as constitutional, rights. See, e.g., *Save the Bay, Inc.* v. *Department of Pub. Utils.*, 366 Mass. 667, 674 (1975). Nevertheless, recognizing that a registered voter easily could have been added as a plaintiff to remedy any lack of standing, we did not dismiss the complaint on the ground that NECAC lacked standing to bring the action.

General Laws c. 53, § 19 (1986 ed.), provides as follows: "On an application signed by twelve hundred voters in any senatorial district, or by two hundred voters in any representative district, asking for the submission to the voters in that senatorial or representative district of any question of instructions to the senator or representatives from that district, and stating the substance thereof, the attorney general shall upon request of the state secretary determine whether or not such question is one of public policy, and if such question is determined to be one of public policy, the state secretary and the attorney general shall draft it in such simple, unequivocal and adequate form as shall be deemed best suited for presentation upon the ballot. Upon the fulfilment of the requirements of this and the two following sections the state secretary shall place such question on the official ballot to be used in that senatorial or representative district at the next state election."

We dismissed the complaint because "the language of the statute is clear that the decision for the purpose of placing the question on the ballot rests with the Attorney General," and the Attorney General's decision, in the absence of bad faith, is final. *Thompson* v. *Secretary of the Commonwealth*, 265

Mass. 16, 19 (1928). Bad faith is not demonstrated by the record here. We continue to adhere to the reasoning expressed in *Thompson.*

Our conclusion is not at variance with *Yankee Atomic Elec. Co.* v. *Secretary of the Commonwealth, ante* 203, 207 (1988), or *Horton* v. *Attorney Gen.*, 269 Mass. 503, 508 (1929). As we said in *Horton,* "[i]t is elementary in constitutional law under the Constitution of this Commonwealth that a duty is cast upon the judicial department of government, when the question is properly raised between litigants, to determine whether a public officer is overstepping constitutional bounds and whether statutes duly enacted conform to the fundamental law as expressed in the Constitution." *Id.* at 507. Thus, the Attorney General's determination whether to certify an initiative petition under art. 48 of the Massachusetts Constitution is reviewable by the court. However, although art. 19 provides that "the people have a right . . . [to] give instructions to their representatives . . . ," the right to have questions of instructions relative to matters of public policy included on the ballot is a creature of a statute, G. L. c. 53, § 19, the validity of which is not challenged. Statutory, not constitutional, "overstepping" is alleged, and the availability of review is controlled by the statute. Thus, in this case we concluded, as we previously had concluded in *Thompson* v. *Secretary of the Commonwealth, supra,* that the Attorney General's good faith determination that the proposed question was inappropriate for inclusion on the ballot was not subject to judicial review. We dismissed the complaint on that jurisdictional ground.